Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CHRISTIAN A. MARTINEZ, individually and on behalf of all
others similarly situated,

                                                       Plaintiff,        **COLLECTIVE ACTION COMPLAINT**

   -against-

                                                         **JURY TRIAL DEMANDED**

PRIME FOOD DISTRIBUTOR, INC., and JOSEPH
CASTELLAN, as individuals,

                                                 Defendants.
------------------------------------------------------------------------X

1. Plaintiffs, **CHRISTIAN A. MARTINEZ, individually and on behalf of all others similarly situated,** (hereinafter referred to as "Plaintiffs"), by their attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

   **PRELIMINARY STATEMENT**

2. Plaintiffs, **CHRISTIAN A. MARTINEZ, individually and on behalf of all others similarly situated,** through undersigned counsel, bring this action against **PRIME FOOD DISTRIBUTOR, INC. and JOSEPH CASTELLAN, as individuals,** (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment PRIME FOOD DISTRIBUTOR, INC., located at 80 Seaview Blvd Port Washington, New York 11050.

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages in an amount

1

exceeding $100,000.00. Plaintiffs also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8. Plaintiff CHRISTIAN A. MARTINEZ residing in Queens, NY was employed by the Defendant at PRIME FOOD DISTRIBUTOR, INC., from in or around May 2020 until in or around December 2020.

9. Defendant, PRIME FOOD DISTRIBUTOR, INC., is a corporation organized under the laws of New York with a principal executive office at 80 Seaview Blvd Port Washington, New York 11050.

10. Defendant, PRIME FOOD DISTRIBUTOR, INC., is a corporation authorized to do business under the laws of New York.

11. Upon information and belief, Defendant JOSEPH CASTELLAN, owns and operates PRIME FOOD DISTRIBUTOR, INC.,

12. Defendant KEVIN DOHERTY is an agent of PRIME FOOD DISTRIBUTOR, INC.,

13. Upon information and belief, Defendant JOSEPH CASTELLAN, has power over personnel decisions at PRIME FOOD DISTRIBUTOR, INC.,

14. Upon information and belief, Defendant JOSEPH CASTELLAN, has power over payroll decisions at PRIME FOOD DISTRIBUTOR, INC.,

15. Defendant JOSEPH CASTELLAN has the power to hire and fire employees at PRIME FOOD DISTRIBUTOR, INC., establish and pay their wages, set their work schedule, and maintains their employment records.

16. During all relevant times herein, Defendant JOSEPH CASTELLAN, was Plaintiff's employer within the meaning of the FLSA and NYLL.

17. On information and belief, PRIME FOOD DISTRIBUTOR, INC., is at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

18. Plaintiff CHRISTIAN A. MARTINEZ was employed by Defendants at PRIME FOOD DISTRIBUTOR, INC., from in or around May 2020 until in or around December 2020.

19. During Plaintiff CHRISTIAN A. MARTINEZ'S employment by Defendants at PRIME FOOD DISTRIBUTOR, INC., Plaintiff's primary duties were as a warehouse worker, stock-picker, produce organizer and performing other miscellaneous duties from in or around May 2020 until in or around December 2020.

20. Plaintiff CHRISTIAN A. MARTINEZ was paid by Defendants:
    i. approximately $16.00 per hour from in or around May 2020 until in or around December 2020.

21. Plaintiff CHRISTIAN A. MARTINEZ worked approximately eighty-four (84) hours or more hours per week at PRIME FOOD DISTRIBUTOR, INC., from in or around May 2020 until in or around December 2020.

22. Although Plaintiff CHRISTIAN A. MARTINEZ worked approximately eighty-four (84) or more hours per week during his employment by Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

23. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

24. Upon information and belief, Defendants willfully failed to keep accurate payroll records as required by both NYLL and the FLSA.

25. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

26. Plaintiff brings this action on behalf of himself and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.

27. Collective Class: All persons who are or have been employed by the Defendants as a warehouse worker, stock-picker, produce organizer, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wage compensation.

28. Upon information and belief, Defendants employed approximately 90 employees within the relevant time-period who were subjected to similar payment structures.

29. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

30. Defendants' unlawful conduct has been widespread, repeated, and consistent.

31. Upon information and belief, Defendants had knowledge that Plaintiff and the Collective Class performed work requiring overtime pay.

32. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

33. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.
34. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.
35. The claims of Plaintiff are typical of the claims of the putative class.
36. Plaintiff and his counsel will fairly and adequately protect the interests of the putative class.
37. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

38. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
39. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).
40. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
41. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
42. Defendants willfully failed to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

43. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.

44. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

45. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

46. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

47. Defendants failed to pay Plaintiff overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

48. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid overtime wages and an amount equal to his unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION

### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

49. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

50. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

51. Defendants are liable to Plaintiff in the amount of $5,000.00 each, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

**Violation of the Wage Statement Requirements of the New York Labor Law**

52. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

53. Defendants failed to provide Plaintiff with wage statements upon each payment of wages, as required by NYLL §195(3)

54. Defendants are liable to Plaintiff in the amount of $5,000.00 each, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiff unpaid overtime wages;

c. Awarding Plaintiff unpaid minimum wages;

d. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

e. Awarding Plaintiff prejudgment and post-judgment interest;

f. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and

g. Awarding such and further relief as this court deems necessary and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: This \_\_\_\_ day of June, 2021.

_____
Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CHRISTIAN A. MARTINEZ, individually and on behalf of all others similarly situated,

                              Plaintiff,

-against-

PRIME FOOD DISTRIBUTOR, INC., and JOSEPH CASTELLAN, as individuals,

                              Defendants.

## SUMMONS & COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Phone (718) 263-9591
Fax (718) 263-9598

**TO:**

**PRIME FOOD DISTRIBUTOR, INC.,**
**80 Seaview Blvd**
**Port Washington, New York 11050**

**JOSEPH CASTELLAN**
**80 Seaview Blvd**
**Port Washington, New York 11050**